UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANATOLII TOTIEV,

                Petitioner,

v.

DIRECTOR, DETROIT FIELD OFFICE, U.S.
IMMIGRATIONS AND CUSTOMS
ENFORCEMENT, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,
ATTORNEY GENERAL OF THE UNITED
STATES, and WARDEN, MONROE COUNTY,
JAIL

                Respondents.

_____/

Case Number 26-10646

Honorable David M. Lawson

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING GOVERNMENT FORTHWITH EITHER TO RELEASE PETITIONER FROM IMMIGRATION DETENTION OR GRANT PETITIONER A BOND HEARING**

On February 25, 2026, petitioner Anatolii Totiev filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  In his petition, Totiev prays for a writ compelling his release from custody pending deportation.  He alleges that he has been held for nine months in the Monroe County, Michigan jail, under the authority of the United States Department of Homeland Security (DHS), Immigrations and Customs Enforcement (ICE) agency, and that he has been detained without receiving a hearing to review his eligibility for release on bond pending deportation in violation of his rights under federal immigration statutes and the Due Process Clause of the Fifth Amendment.

The government has filed a response opposing the petition on the merits, arguing that the petitioner is lawfully detained without a bond review under the mandatory detention authority granted by the Immigration and Nationality Act (INA), 8 U.S.C. § 1225(b)(1).  The government admits in its response that Totiev is a citizen of Russia who entered the United States in 2023, and that he resided in the country without incident until he was detained pending removal by U.S.

Immigrations and Customs Enforcement agents on May 15, 2025. The government takes the position — contrary to its historical application of the INA for decades prior — that the petitioner must be regarded as a "an applicant for admission" and that "an immigration officer [has] determine[d] that [he is] an alien seeking admission [and] not clearly and beyond a doubt entitled to be admitted," and that he therefore is subject to mandatory detention until his removal occurs, 8 U.S.C. § 1225(b)(2)(A). Totiev contends, instead, that is properly characterized as a person who is "arrested and detained pending a decision on whether the alien is to be removed from the United States," 8 U.S.C. § 1226(a), who must be afforded an opportunity to argue his eligibility for release on bond before a neutral magistrate.

The Constitution explicitly preserves the "Privilege of the Writ of Habeas Corpus," U.S. Const., Art I, § 9, cl. 2, and guarantees that the Great Writ is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Section 2241, Title 28 confers upon the federal courts the power to issue writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241. Non-citizens in immigration-related matters challenging actions by immigration officials and the Attorney General, including decisions about whether they should be detained pending removal, may seek relief via this statute where their confinement violates the Constitution, laws, or treaties of the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.R.P. v. Trump*, 605 U.S. 91, 94-95 (2025).

The Sixth Circuit has settled the question presented by the petition in a recent decision, where it held that the government's mandatory detention scheme for petitioners in Totiev's situation, who have resided in the country at liberty for years despite not having received permission to enter or remain, is contrary a plain text construction of the detention authority granted by the INA, and violates the Due Process Clause rights of the noncitizen resident. *Campos*

- 2 -

*v. Raycraft*, --- F.4th ---, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026).  As the Court of Appeals explained: "[O]ur understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process."  *Id.* at *13.  The petition will be granted, and the government will be ordered forthwith either to release the petitioner from detention or to grant him a bond review hearing before an immigration judge or other neutral magistrate.

Accordingly, it is **ORDERED** that the amended petition for a writ of habeas corpus (ECF No. 6) is **GRANTED**.

It is further **ORDERED** that the respondents forthwith shall either release the petitioner from immigration detention or grant him a bond hearing before an immigration judge or other neutral magistrate.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 22, 2026

- 3 -